361 Mass. 459                                                        459

Ostric *v.* Board of Appeal on Motor Vehicle Liability Policies & Bonds.

---

LOUIS J. OSTRIC *vs.* BOARD OF APPEAL ON MOTOR VEHICLE LIABILITY POLICIES AND BONDS & another.

Bristol.   February 9, 1972. — March 21, 1972.

Present: CUTTER, SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Motor Vehicle,* License to operate. *Privacy.*

No Federal statute or regulation entitles an individual to refuse to disclose his own Social Security number [460–461]; G. L. c. 90, § 8, empowers the Registrar of Motor Vehicles to require an applicant for an operator's license to disclose his Social Security number for inclusion in his license [462–463]; and such a disclosure requirement does not constitute an unwarranted intrusion upon the applicant's right of privacy [462].

PETITION for review filed in the Superior Court on April 23, 1969.

The case was heard by *Ponte,* J.

*Louis J. Ostric,* pro se.

*John Albert Johnson,* Special Counsel, for the Registrar

of Motor Vehicles (*Robert L. Surprenant*, Assistant Attorney General, for the Board of Appeal on Motor Vehicle Liability Policies and Bonds, with him).

CUTTER, J.  Mr. Ostric, an attorney, seeks review under G. L. c. 30A of a decision of the board.  The board affirmed a refusal of the Registrar of Motor Vehicles (the registrar), an intervener in this proceeding, to renew Mr. Ostric's operator's license because of the latter's unwillingness to disclose his Social Security number on his renewal application.  A judge of the Superior Court made findings and rulings.  By final decree the board's action was approved.

Mr. Ostric's license expired on February 4, 1969. About January 9, 1969, Mr. Ostric mailed the renewal fee to the registrar with an application form which did not contain his Social Security number.  The application and check were returned to Mr. Ostric "with a card stating that his application was not approved because it did not contain his Social Security number."  Following a conference between Mr. Ostric and a deputy registrar, the registrar's position was reaffirmed by letter.  Mr. Ostric held no license for about a week.  Since February 11, 1969, he has been given temporary licenses without disclosure of his Social Security number.

Mr. Ostric contends (a) that the applicable Federal statute, 42 U. S. C. § 1306 (a) (1970), affords him a privilege not to disclose his Social Security number, and (b) that to require such disclosure would constitute an unwarranted intrusion upon his asserted constitutional right to privacy.  Each contention is without merit.

1. Section 1306 (a) [1] prohibits, subject to a fine or up

---

[1] Section 1306 (a) reads: "No disclosure of any return or portion of a return . . . filed with the Commissioner of Internal Revenue under Title VIII of the Social Security Act or under subchapter E of chapter 1 or subchapter A of chapter 9 of Title 26 . . . or under regulations made under authority thereof, which have been transmitted to the Secretary of Health, Education, and Welfare or to the Secretary of Labor, as the case may be, by the Commissioner of Internal Revenue, or of any file, record, report or other paper, or any information, obtained at any time by the Secretary of Health, Edu-

to one year of imprisonment, or both, disclosure by the Department of Health, Education, and Welfare "of any . . . file, record . . . or other paper or information" with certain exceptions not here pertinent, listed or discussed in subsections (b) and (c). We do not read this section as prohibiting the disclosure of the Social Security number of a person who has one, at least by the individual himself or by any person not a Federal employee. See Regulations of the Social Security Administration, Department of Health, Education, and Welfare, Part 401 (20 C. F. R. 3–10, rev. to Jan. 1, 1971). The section seems completely inapplicable to this case.

No Federal statute or regulation brought to our attention forbids disclosure of any person's Social Security number. We assume, however, that the mere knowledge of another's Social Security number will not entitle one to receive from the Federal authorities any information related to the holder of that number if the information is treated as confidential by § 1306 (a). The duty of the Federal authorities to deny such information is plain. The Secretary of Health, Education, and Welfare has interpreted § 1306 as not precluding non-Federal use of Social Security numbers in this fashion. See *Conant* v. *Hill*, 326 F. Supp. 25, 27 (E. D. Va.), holding that Virginia by statute may require applicants for motor vehicle licences to furnish their Social Security numbers with their applications.

The defendants contend that the National Highway

---

cation, and Welfare, or the Secretary of Labor, or by any officer or employee of the Department of Health, Education, and Welfare or the Department of Labor in the course of discharging their respective duties under this chapter, and no disclosure of any such file, record, report, or other paper, or information, obtained at any time by any person from the Secretary of Health, Education, and Welfare or the Secretary of Labor, as the case may be, or from any officer or employee of the Department of Health, Education, and Welfare or the Department of Labor shall be made except as the Secretary of Health, Education, and Welfare or the Secretary of Labor, as the case may be, may by regulations prescribe. Any person who shall violate any provision of this section shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine not exceeding $1,000, or by imprisonment not exceeding one year, or both."

Safety Bureau, Department of Transportation, has encouraged the States to require that a motor vehicle operator's license application include the applicant's Social Security number. See Highway Safety Program Manual, Transmittal 6, Jan. 17, 1969, par. 2 b. (1) (b) ; First Annual Report on the Administration of the Highway Safety Act of 1966 (dated May 13, 1968), discussing at pp. 75–76, the National Driver Register Service. Obviously this is to permit interstate use, for highway safety purposes, of a method of identifying individuals already widely employed for tax and Social Security reasons. Records of motor vehicle violations, accidents, ownership, licenses, and similar matters, can thus be kept and coördinated on a basis giving prompt and convenient access to such information as part of an interstate program. In various aspects of law and highway safety enforcement, this method of indexing data may prove to be greatly in the public interest. Obviously it avoids the necessity of devising a new method of identifying motorists, wholly separate from the Social Security numbers.

2. The existence of any nonstatutory right to privacy has been recognized only to a limited extent in Massachusetts. See *Frick* v. *Boyd,* 350 Mass. 259, 263–264 ("It will be time enough . . . to deal with difficult questions presented by the assertion of such a right, when and if we are confronted with some substantial, serious, or indecent intrusion upon the private life of another") ; *Brauer* v. *Globe Newspaper Co.* 351 Mass. 53, 57–58. Cf. *Commonwealth* v. *Wiseman,* 356 Mass. 251, 258–259 (injunctive protection by the Commonwealth, as parens patriae, of State hospital mental patients from a "massive, unrestrained invasion of the[ir] intimate lives"), cert. den. 398 U. S. 960, reh. den. 400 U. S. 954, *S. C.* 360 Mass. 857. Nothing in the present record suggests any invasion of Mr. Ostric's privacy or any action by the registrar in the slightest degree unreasonable or unconscionable.

3. The registrar has broad powers of regulation of motor vehicle matters and a wide discretion with respect

to the licensing of operators.   The most directly pertinent statute is G. L. c. 90, § 8 (as amended through St. 1968, c. 551), which reads in part: ". . . no license shall be issued until the registrar or his authorized agent is satisfied that the applicant is a proper person to receive it . . . . They [licenses] shall contain a photograph of the licensee, the distinguishing number or mark assigned to the licensee, his name, his place of residence and address, a brief description of him for purposes of identification, *and such other information as the registrar shall deem necessary*" (emphasis supplied).   This section should be liberally interpreted in accordance with the obvious legislative purpose of protecting members of the public from the hazards of the operation of motor vehicles by persons not competent to operate or inadequately identified. Other pertinent statutes are set out or mentioned in the margin.[2]   We are of opinion that the registrar may reasonably require an applicant for an operator's license to disclose his Social Security number (and to have it placed on the applicant's license) so that the applicant's identity and information concerning his motor vehicle record and history may be conveniently ascertained in the interests of sound motor vehicle regulation and public safety.

*Decree affirmed with costs of appeal.*

---

[2] General Laws c. 16, § 9 (as appearing in St. 1963, c. 821, § 1; see later amendments through St. 1969, c. 766, § 19), provides in part: "The registrar shall, in addition to the authority conferred upon him by any other provision of law, have the power to make rules and regulations for the division of motor vehicles."   See also G. L. c. 90, § 24 (2) (a), as amended through St. 1969, c. 202, imposing a penalty for false statements in an application for an operator's license.