HAROLD J. COHEN *vs*. C. KEEFE HURLEY & another,[1] trustees.

Barnstable. April 8, 1985. — July 23, 1985.

Present: DREBEN, KAPLAN, & WARNER, JJ.

*Practice, Civil,* Frivolous action. *Abuse of Process.*

A trial judge did not err in awarding attorney's fees and expenses pursuant to a motion under G. L. c. 231, § 6F, to the defendants in a civil action where a conclusion was warranted that the plaintiff's claim was "wholly insubstantial, frivolous, and not advanced in good faith" within the meaning of § 6F; nor did a single justice of this court who, in accordance with § 6G, reviewed the trial judge's award, err in modifying the order appealed from by adding an additional sum for attorney's fees. [440-441]

A single justice of this court, who, in accordance with G. L. c. 231, § 6G, reviewed a trial judge's award of attorney's fees and expenses to the defendants in a civil action, did not err in allowing a further $2,000 as reimbursement for the fees and expenses incurred by the defendants in connection with the plaintiff's appeal to the single justice, where the single justice could conclude that the plaintiff's initiation of an appeal to diminish or eliminate the trial judge's award was not reasonable, even though the plaintiff's opposition to the defendants' cross appeal for an increase of the award may have been reasonable. [441]

In an action by an individual contesting a town planning board's approval of a re-subdivision plan submitted by a developer, a counterclaim by the developer for abuse of process in bringing the action stated no claim upon which relief could be granted, even if the plaintiff knew or should have known that the litigation was groundless, inasmuch as the counterclaim did not allege the use of process for an ulterior purpose. [441-443]

CIVIL ACTION commenced in the Superior Court Department on June 8, 1982.

The case was heard by *John J. Irwin, Jr.,* J.

A motion for costs and counsel fees was heard by *Irwin,* J., and was reviewed in the Appeals Court by *Grant,* J.

*Robert D. Canty* for C. Keefe Hurley & another, trustees.

[1] Carl Amon.

*Thomas D. Burns (Catherine A. White & Christopher A. Duggan* with him) for Harold J. Cohen.

KAPLAN, J. Harold J. Cohen, formerly president of the Old Silver Beach Village Association, had long been at loggerheads with C. Keefe Hurley, a trustee and the leading spirit of Old Silver Beach Trust, over the private and general responsibilities of landowners in and about Old Silver Beach Village, and over the problems of conservation and development of the area. On May 18, 1982, after public hearings in which Cohen and others made known their doubts, the planning board of Falmouth approved under G. L. c. 41, § 81U, a major re-subdivision proposal by the trust. Because of shortness of time in which to arrange for a number of landowners to lodge an "appeal" pursuant to G. L. c. 41, § 81BB, Cohen (as he testified) undertook to do so as an individual "person aggrieved." Such an action goes against the planning board, but, as might be expected, the trust, as protagonist of the subdivision project, intervened as a party defendant. It answered Cohen's amended complaint and, in addition, counterclaimed against him on grounds of abuse of process in bringing the § 81BB action. The main action was speedily tried (see G. L. c. 231, § 59A) and resulted in a complete vindication of the planning board's decision and correspondingly of the position of the trust. Cohen's grounds of complaint were either withdrawn by him in the course of the proceedings or failed of proof. As one of his "rulings of law" the trial judge wrote, "The plaintiff has failed to prove by any credible evidence any of the allegations that he has specified . . . ." Cohen noticed an appeal to this court from the ensuing judgment, but he later abandoned it.

Now followed two attempts to make Cohen pay for his indiscretion in opposing the trust.

1. The trust moved under G. L. c. 231, § 6F, to compel Cohen to reimburse it for its reasonable counsel fees, expenses, and costs in defending Cohen's action. The motion was heard at some length. Tracking the requirement of the statute, the judge concluded (referring back to his findings in the main action) that "Cohen's claims were wholly insubstantial, frivolous, and not advanced in good faith." Of the trust's submitted

bills totaling $56,338.07 (of which $53,501.50 was for counsel fees and $2,836.57 for expenses) the judge allowed $20,134.05.

From the order of award, Cohen appealed to a single justice of this court, and the trust cross appealed. See G. L. c. 231, § 6G, inserted by St. 1976, c. 233, § 1. After hearing, the single justice, holding for the trust, modified the order appealed from by adding $7,500 for counsel fees. He also allowed a further $2,000 as reimbursement for the fees and expenses incurred by the trust in connection with the very appeals to the single justice. The panel now reviews the decision of the single justice. See *Katz* v. *Savitsky,* 10 Mass. App. Ct. 792, 796 (1980); *Miaskiewicz* v. *LeTourneau,* 12 Mass. App. Ct. 880, 881 (1981).

We think there was adequate record support for the trial judge's award. Equally there was record support for the modification of that award by the single justice who, in accordance with § 6G, was to review the trial judge's award "as if [he] were initially deciding the matter." See *Katz,* 10 Mass. App. Ct. at 796-797; *Miaskiewicz,* 12 Mass. App. Ct. at 881-882.

As to the separate award of $2,000 against Cohen related to the § 6G appeals, the single justice had power to make it, see *Katz,* 10 Mass. App. Ct. at 798 & n.8,[2] and the question is on the particular exercise. The single justice could hold that Cohen's initiation of an appeal to diminish or eliminate the trial judge's award was not reasonable, even though his opposition to the trust's cross appeal (which he perhaps provoked) for an increase of the award may have been reasonable. Considering the single justice's opportunity for an intimate appraisal of the situation, and the modesty of his award in the circumstances, we find no error.

2. The trust appeals to this court from the judgment against it on its counterclaim for "abuse of process."[*] Here the trust reached for a recovery in very large amount beyond its litigation

___

[2] See Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), as well as G. L. c. 231, § 6F, and *Goodwin Bros. Leasing* v. *Nousis,* 373 Mass. 169, 177 (1977). See also *Leventhal* v. *American Discount Corp.,* 11 Mass. App. Ct. 959, 960 (1981).

[*] Cohen's counsel on appeal were not associated with the initiation of this action.

expenditures. After hearing, the judge dealt with the counterclaim in a "Memorandum of Decision and Order for Judgment" in which he concluded that the tort was not made out.[3] The view he expressed was anticipated by the short remark in *Beecy* v. *Pucciarelli,* 387 Mass. 589, 596 (1982), to the effect that "mere commencement of litigation to enforce a claim which the person commencing the litigation knows or reasonably should have known to be groundless" does not constitute abuse of process without proof of an "ulterior purpose." Groundless Cohen's action may have been, but it was aimed, professedly and actually, at defeating the subdivision proposal, nothing more or different. There was no perversion of process to achieve an extraneous end. "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions"; the case is otherwise where there is a "form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion . . . ." Prosser & Keeton, Torts § 121, at 898 (1984) (footnote omitted). We may despair of drawing a line with mathematical exactness, but we have no doubt that the present case is well on the side of privilege. Compare decisions where abuse has been found, *White* v. *Apsley Rubber Co.,* 181 Mass. 339, 341 (1902), *Malone* v. *Belcher,* 216 Mass. 209, 210-212 (1913), *Reardon* v. *Sadd,* 262 Mass. 345, 348 (1928), *Jacoby* v. *Spector,* 292 Mass. 366, 369 (1935), *Lorusso* v. *Bloom,* 321 Mass. 9, 10 (1947), with those holding to the contrary, *Gabriel* v. *Borowy,* 324 Mass. 231, 236-237 (1949); *Noyes* v. *Shanahan,* 325 Mass. 601, 604-605 (1950); *Quaranto* v. *Silverman,* 345 Mass. 423, 426-428 (1963); *Jones* v. *Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 390-391 (1975); *Beecy* v. *Pucciarelli,* 387 Mass. at 596 (1982); *Chemawa Country Golf, Inc.* v. *Wnuk,*

---

[3] The judge denied Cohen's motion under Mass.R.Civ.P. 52(b), 365 Mass. 817 (1974), to amend findings, and Cohen has appealed from the order. It is immaterial and may as well be affirmed.

9 Mass. App. Ct. 506, 508-509 (1980). The trial judge referred to the policy that "[a]buse of process cases, like actions for malicious prosecution, are 'not to be favored and ought not to be encouraged,' *Wingersky* v. *E.E. Gray Co.,* 254 Mass. 198, 201 (1926)," and that "[w]ere the rule otherwise, 'many honest litigants would be deterred from invoking the aid of the courts for fear of subjecting themselves to a law suit in return.' *Hubbard* v. *Beatty & Hyde, Inc.,* 343 Mass. 258, 262-263 (1961)." [4]

The decisions of the single justice awarding the additional $7,500 and the separate $2,000 are affirmed. The judgment on the counterclaim is affirmed, as is the denial of relief under rule 52(b) (see n.3).

*So ordered.*

---

[4] A rationale which supports the imposition of opponent's counsel fees upon one who pursues a frivolous litigation (see Breyer, J., in *Natasha, Inc.* v. *Evita Marine Charters, Inc.,* 763 F.2d 468, 472 [1st Cir. 1985]) would not support, or would support less strongly, the imposition of a larger tort measure of recovery. To warrant a recovery on the larger basis, "abuse," not mere "frivolity," must be shown.