Lenk, J.
Plaintiff, Susan J. Wright (Wright"), brought this action, apparently a case of first impression in the Commonwealth, to obtain a declaration that defendant John J. Bilafer (“Bilafer”) violated Mass. G.L.c. 60A, §2A when he failed to serve her with a warrant after she did not pay her excise tax bill. Wright argues that the procedures which Bilafer used and the fees which he charged violated her due process and equal protection rights. Wright has also moved for summary judgment on defendant’s counterclaim, arguing that Bilafer cannot prove that she engaged in an abuse of process.
In response to plaintiffs motions, Bilafer argues that the statute clearly provides for “marking” Wright’s license and registration without serving a warrant. Bilafer contends that he followed all requirements of c. 60A, §2A, and that he complied with the statute when he added charges to Wright’s bill.
This case came before the court on February 10, 1993 for hearing on the parties’ cross-motions for summary judgment on plaintiffs complaint and on plaintiff’s motion for summary judgment on defendant’s counterclaim. For reasons set forth below, the parties’ cross-motions are allowed in part and denied in part. Plaintiffs motion for summary judgment on defendant’s counterclaim is allowed.
BACKGROUND
The following undisputed facts appear in the pleadings, affidavits, and depositions in the record. On August 14, 1992, Bilafer mailed Wright a bill for an excise tax on a boat trailer in the amount of $5.00. Wright did not pay the bill. On September 17, 1992, Bilafer mailed Wright a demand for payment of the delinquent tax, and added a $5.00 demand fee. Wright paid neither the tax bill nor the demand fee. On October 7, 1992, Bilafer mailed to plaintiff a notice of warrant. Bilafer also charged plaintiff an additional $5.00 warrant fee and a $9.00 notice of warrant fee, as well as interest in the amount of $.05. Wright still did not pay. Bilafer did not produce an actual warrant, although his computer system contained the necessaiy data to issue a warrant if requested. On December 2, 1992, Bilafer mailed to Wright a notice that the Registry of Motor Vehicles (“Registry”) would not renew her registration and license unless all monies owed were paid. A nonrenewal fee of $20.00 was added to Wright’s bill.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., *328 410 Mass. 706, 711 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra
Massachusetts G.L.c. 60A provides for the imposition and collection of excise taxes on registered motor vehicles and trailers. General Laws c. 60A, §2A states:
If an excise tax assessed under this chapter remains unpaid for fourteen days after a demand therefore made more than one day after such excise becomes due and payable, and if the local tax collector or commissioner of revenue elects to utilize the services of a deputy collector, then said deputy collector or the local tax collector or commissioner of revenue, as the case may be, shall send a notice of warrant to the delinquent taxpayer. In the event that the delinquent taxpayer does not respond within thirty days to said notice of warrant then a service warrant shall be made. If the tax remains unpaid after the service of warrant then the deputy collector may, at the discretion of the local collector, return the uncollected warrants of those delinquent taxpayers to the local tax collector or commissioner of revenue. The local tax collector, the commissioner of revenue, or their designee, as the case may be, may at any time and from time to time transmit to the registrar of motor vehicles . . . notice of such nonpayment. . .
Upon receipt of such notification of nonpayment the registrar shall place the matter on record and not renew the license to operate a motor vehicle of the registered owner of said vehicle or the registration of said vehicle until after notice . . . that the matter has been disposed of. . .
Upon such notification of nonpayment to the registrar, an additional twenty dollar charge ... shall be assessed against the registered owner of said vehicle.
(Emphasis added).
Plaintiff first argues that the statute is ambiguous and therefore should be construed in a light most favorable to plaintiff, a taxpayer. See Commissioner of Revenue v. Molesworth, 408 Mass. 580, 581 (1990). On the contrary, when the statute is read as a whole, it is clear and internally consistent. See Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991). The statute provides that the collecting authority shall notify plaintiff of delinquency by means of a demand notice, then a notice of warrant, and finally, service of a warrant, all before the Registry becomes involved. Although individual collectors have discretion as to whether to proceed to the “marking” phase of the collection procedure,[1] the statute’s mandatory language reveals that if a collector wishes to notify the Registry and impair the plaintiffs right to renew her license and registration, plaintiff must have received three forms of notification. Bilafer misreads the statute when he claims that the local tax collector may “at any time” notify the Registry to mark plaintiffs license. Section 2A establishes that the collecting authority may transmit to the Registry “notice of such nonpayment.” The phrase “such nonpayment” refers to the status of nonpayment subsequent to the service of a warrant. Consequently, defendant should have served plaintiff with a warrant before notifying the Registry of her delinquency, and his failure to do so constitutes a violation of G.L.c. 60A, §2A.
The collecting authority is entitled to charge additional fees at each step of the excise tax collection process. Chapter 60, §15 establishes the interest, charges, and fees which shall be added to the amount of tax due, including:
1. For interest, as provided by law;
2. For each written demand provided by law, five dollars; . . .
9. For the issuance and delivery of a warrant to an officer, five dollars;
10. For notice by mail or other means to the delinquent that a warrant to collect has been issued, nine dollars;
11. For exhibiting a warrant to collect or delivering a copy thereof to the delinquent . . . , fourteen dollars.
(Emphasis added.)
The parties do not dispute that defendant mailed to plaintiff an excise tax bill and a demand for payment. Bilafer was therefore entitled to collect ten dollars plus interest from plaintiff. G.L.c. 60A, §2A; G.L.c. 60, §15. The parties also do not dispute that a warrant was never issued, although defendant mailed to plaintiff notice that a warrant had issued. This court declares that, as a matter of law, defendant may not collect an additional five dollars for a warrant he never issued, nor may he collect an extra nine dollars for mailing a notice stating that a warrant had issued. G.L.c. 60, §15. Because defendant’s notification of nonpayment to the Registry was premature, the tweniy-dollar non-renewal fee added to plaintiffs excise tax bill is also not collectible. Id.
Defendant’s failure to comply with the terms of c. 60A, §2A, however, does not itself mean that Bilafer violated plaintiffs due process rights. It is well settled that “(t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment’s protection of liberty and property.” Bell v. Burson, 402 U.S. 535, 569-70 *329 (1971). The United States Supreme Court has held that a person’s driver’s license is a property interest which the state may not suspend without satisfying the procedural due process required by the Fourteenth Amendment. Id. at 539. Thus, it is clear in this case that Wright has a property interest in her Massachusetts license, and that the Registrar could not have suspended her license without a prior hearing.
There is no basis for the assertion, however, that providing only one form of notice prior to the eventual nonrenewal of a driver’s license, the result here of defendant’s actions, is equivalent to a deprivation of plaintiffs property rights and a violation of due process. Although courts have not discussed the difference between immediate suspension of a driver’s license and eventual nonrenewal, this court is persuaded by the United States Supreme Court’s distinction between the rights afforded a nontenured teacher who is fired mid-year and the rights afforded a nontenured teacher who is not rehired after the expiration of an employment contract. See Board of Regents v. Roth, 408 U.S. 564, 567 (1972). In Roth, the Supreme Court reasoned that “when protected interests are implicated, the right to some kind of hearing is paramount. But the range of interests protected by procedural due process is not infinite.” Id. at 570. The Court noted that “[pjroperty interests . .. are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.” Id. at 577. Looking to the nature of the interest at stake and the terms of the nontenured teacher’s appointment, the Court in Roth determined that the plaintiff had no claim of entitlement to reemployment after his contract had expired. Id. at 577-78. The Court therefore denied the teacher’s request for a hearing or other due process protections. Id. at 578.
In light of the reasoning in Roth, Wright’s claim that she was entitled to receive three forms of notice before her license was marked for nonrenewal, also fails. In this case, Wright’s “property interest” in her license is created and defined by the statutory terms of G.L.c. 90, §8, which governs the granting and renewal of driver’s licenses, and which provides the registrar with a high degree of discretion to determine whether a person is “a proper person to receive [a license].”[2] The statute appears to allow the registrar to decide that a person who has not paid an excise tax is not “a proper person to receive” a renewal of the license. See Allen v. Board of Assessors of Granby, 387 Mass. 117, 121 (1982) (stating that discretion of a licensing body negates a claim of entitlement which would mandate the protection of due process); Ostric v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 361 Mass. 459, 462-63 (1972) (noting that the Registrar has broad discretion to license operators, and upholding the Registrar’s decision not to renew a license because the licensee refused to provide his social security number). Given the distinction courts have drawn between the immediate withdrawal of a right, and the eventual expiration of a right, and because of the degree of discretion afforded the registrar, the defendant’s failure to provide plaintiff with three forms of notice prior to marking her license did not implicate plaintiffs due process rights. Defendant is therefore entitled to summary judgment on plaintiffs due process claim.
Plaintiff also asserts that Bilafer’s interpretation of c. 60A, §2A violates her equal protection rights. Plaintiff claims that individuals may not receive the same degree of notice before their licenses and registrations are marked for nonrenewal if Bilafer may “at any time and from time to time” notify the Registry to mark a license. Although the court has determined that c. 60A, §2A sets out mandatory steps for the collection of excise taxes, Bilafer’s failure to follow these procedures did not violate plaintiffs equal protection rights. “The constitution does not require uniformity in the manner of collection. Uniformity in the assessment is all it demands. When assessed],] the tax may be collected in the manner the law shall provide; and this may be varied to suit the necessities of each case.” Napier v. Springfield, 304 Mass. 174, 180 (1939). Because plaintiff has not raised a genuine issue regarding the nonuniform assessment of the underlying excise tax, defendant is entitled to judgment as a matter of law on plaintiffs equal protection claim.
Wright has also moved for summary judgment on Bilafer’s counterclaim which alleges that plaintiff is liable for abuse of process. To succeed on his counterclaim, Bilafer must prove that Wright used “process” for an ulterior or illegitimate purpose, which resulted in damage. Bilafer must establish that Wright used lawful process primarily for a purpose for which it was not designed. Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775 (1986); Beecy v. Pucciarelli, 387 Mass. 589, 595 (1982). Wright must have had an intent to use process for coercion or harassment to obtain something not properly part of the suit. “(T]here is no liability where the defendant has done nothing more than cany out the process to its authorized conclusion, even though with bad intentions.” Cohen v. Hurley, 20 Mass.App.Ct. 439, 443, rev. denied, 396 Mass. 1101 (1985), citing Prosser & Keeton, Torts §121, at 898 (1984). A cause of action exists, however, where process is used as a “form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion." Id. Finally, courts do not favor or encourage abuse of process actions, reasoning that if the rule were otherwise, “many honest litigants would be deterred from invoking the aid of the courts for fear *330 of subjecting themselves to a law suit in return.” Id. at 443, citing Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 262-63 (1961).
Bilafer’s affidavit states that Bruce Wright, Wright’s husband (“Mr. Wright”), is the president of Urban Tax Services, a firm which specializes in the service of excise tax warrants. Bilafer alleges that Mr. Wright has urged the legislature to require cities and towns to employ the services of deputy tax collectors, who could serve warrants under c. 60A, §20A. Bilafer contends that Wright’s interpretation of the statute would inure a financial benefit to Mr. Wright and his deputy tax collector firm. The counterclaim also alleges that Mr. Wright ran against Bilafer in the Arlington town elections for the position of Collector /Treasurer. Bilafer contends that Wright filed this action maliciously to discredit Bilafer and to affect the election. The counterclaim also asserts that Wright should have sued the Massachusetts Department of Revenue, rather than Bilafer, to obtain clarification of c. 60A, §2A.
In the case at bar, Bilafer has submitted insufficient proof that there was a “perversion of process to achieve an extraneous end.” See Cohen, 20 Mass.App.Ct. at 442. The court has concluded that Wright is entitled to relief on several grounds stated in her complaint. Thus, Wright’s use of process to pursue her meritorious claims was proper. Even if Bilafer has shown that Wright proceeded in some respects with bad intentions, there is no evidence that Wright entertained a coercive or ulterior motive to obtain clearly defined collateral advantages. Id. (noting that even commencement of a groundless suit does not constitute abuse of process without proof of an ulterior purpose); Beecy, 387 Mass. at 596. Significantly, Bilafer has not shown that he was damaged by Wright’s use of process. Quaranto v. Silverman, 345 Mass. 423, 427 (1963). Because Bilafer has not shown that such facts are likely to be forthcoming at trial, plaintiff is entitled to summary judgment on defendant’s counterclaim.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment on her complaint is allowed in part and denied in part, and her motion for summary judgment on defendant’s counterclaim is allowed. Defendant’s motion for summary judgment on plaintiffs complaint is also denied in part and allowed in part.

 A license is “marked” pursuant to c. 60A, §2A when the registrar “placets] the matter on record” and makes a notation that the license to operate a motor vehicle shall not be renewed.

 “Application for a license to operate motor vehicles may be made by any person . . . but before such a license is granted, the applicant shall pass such examination as to his qualifications as the registrar... shall require; and no license shall be issued until the registrar or his authorized agent is satisfied that the applicant is a proper person to receive it... A license or any renewal thereof issued to an operator shall expire on an anniversary of the operator’s date of birth occurring more than twelve months but not more than sixty months after the effective date of such license.” G.L.c. 90, §8.