Gants, J.
The defendants, Bruce Perry and the Conservation Commission of the Town of Nantucket, have moved to dismiss Counts VI (trespass) and Count VIII (abuse of process) of the Complaint. After hearing, the motion to dismiss Count VI is DENIED and the motion to dismiss Count VIII is ALLOWED.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations of the complaint and all reasonable inferences favorable to the plaintiffs which can be drawn from those allegations. Faime v. Savogran, 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The issue is whether the facts alleged, generously construed in favor of the plaintiffs, state a valid legal claim that would warrant relief on any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). “[The] complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979) (“[A] complaint is not subject to dismissal if it would support relief on any theory of law.”).
In Count VI, the plaintiffs allege that Perry, without Ratner’s consent or knowledge and without any legal authority, ordered Ratner’s contractor to enter onto Ratner’s property without permission and return sandbags from the beach to the coastal bank. The defendants contend that, since Ratner is not alleged to have committed the trespass himself, he cannot be held civilly liable for trespass. While surprisingly little legal authority on this issue was cited by the attorneys, this Court is convinced that a person who orders another to commit a trespass but does not physically trespass himself is as liable for the resulting trespass as the person who compiled with his order. See Pinkerton v. Inhabitants of Randolph, 200 Mass. 24 (1908). See also Restatement (Second) of Torts, §158(a) (defining trespasser as a person who “intentionally . . . enters land in possession of the other, or causes a thing or third person to do so ...”). Consequently, the motion to dismiss the trespass count must be denied.
In Count VIII, alleging abuse of process, the plaintiffs allege that Perry’s primary motivation for serving the complaint was to gamer publicity unfavorable to Ratner. They allege that, before the complaint was even served, Perry delivered a copy to the Nantucket Inquirer and Mirror so that a front-page article would appear in that newspaper reporting its allegations. ‘To prevail on an abuse of process claim ‘it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.’ ” Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775 (1986) quoting Beecy v. Pucciarelli, 387 Mass. 589, 595 (1982), which itself quotes Quaranto v. Silverman, 345 Mass. 423, 426 (1963). I find that a plaintiff does not commit an abuse of process by publicizing the allegations in the complaint or by providing the complaint to a newspaper. Nor is it an abuse of process to file a complaint in the hope that its filing will cause publicity unfavorable to the defendant. Since all complaints, unless impounded, are available for review by the public, the hope for publicity is not “some ulterior purpose for which [process] was not designed or intended." Id. Indeed, the Massachusetts Rules of Professional Conduct specifically permit an attorney to state the information contained in a public record, such as a complaint. Rule 3.6(b)(2). If so slender a predicate was sufficient to state a claim for abuse of process, then the filing of any complaint in a publicized dispute would trigger an abuse of process claim. As the Appeals Court declared in Cohen v. Hurley, “We may despair of drawing a line with mathematical exactness, but we have no doubt that the present case is well on the side of privilege." 20 Mass.App.Ct. 439, 442 (1985). The motion to dismiss Count VIII is allowed.
ORDER
For the reasons stated above, the defendants’ motion to dismiss Count VI (trespass) is DENIED and the defendants’ motion to dismiss Count VIII (abuse of process) is ALLOWED.