Brian Johnson sued Peter Frei in District Court for violating the State wiretap statute. See G. L. c. 272, § 99(Q) ( § 99 [Q] ). Frei counterclaimed for numerous torts, including a violation of the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H & 11I (MCRA). The Appellate Division affirmed the jury's verdicts in favor of Johnson on his wiretap claim, and in favor of Frei on his claims under the MCRA and for defamation. It also affirmed the order allowing Johnson's motion for a directed verdict on Frei's abuse of process claim.
In this cross appeal, both parties raise numerous issues. Specifically, Frei challenges (1) the order granting Johnson's motion for a directed verdict on his abuse of process claim; (2) the sufficiency of the evidence on Johnson's claim that Frei violated the wiretap statute; (3) the judge's attorney's fee award to Johnson; and (4) the judge's failure to order sanctions against Johnson's attorney pursuant to Mass.R.Civ.P. 11(a), as amended, 456 Mass. 1401 (2010), for purportedly misrepresenting the holding of a case. For his part, Johnson challenges (1) the sufficiency of the evidence on Frei's MCRA claim; and (2) the award to Frei of attorney's fees. We affirm the decision and order of the Appellate Division, except for so much of the decision and order as affirmed the allowance of Johnson's motion for a directed verdict on Frei's abuse of process claim.
1. Abuse of process. This court reviews the allowance of a motion for a directed verdict to determine whether, "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff." Claudio v. Chicopee, 81 Mass. App. Ct. 544, 546 (2012), quoting from Dobos v. Driscoll, 404 Mass. 634, 656, cert. denied sub nom. Kehoe v. Dobos, 493 U.S. 850 (1989).
To satisfy a claim of abuse of process, the evidence must establish that "(1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." Vittands v. Sudduth, 49 Mass. App. Ct. 401, 406 (2000), quoting from Kelley v. Stop & Shop Cos., 26 Mass. App. Ct. 557, 558 (1988). This tort imposes liability for "coercion to obtain a collateral advantage, not properly involved in the proceeding itself." Vittands, supra, quoting from Cohen v. Hurley, 20 Mass. App. Ct. 439, 442 (1985).
Here, evidence that Johnson filed suit against Frei satisfies the "use of process" element, Silvia v. Building Inspector of W. Bridgewater, 35 Mass. App. Ct. 451, 453 n.4 (1993), and the evidence of Johnson and Frei's acrimonious history, and the timing of the suit rendered "immaterial [the fact] that the process was ... obtained in the course of proceedings that were brought with probable cause and for a proper purpose." Vittands, supra at 406, quoting from Kelley, supra. In response to several postings Frei wrote on his blog sharply criticizing Johnson, who is an elected official in the town of Holland (town), Johnson repeatedly and aggressively confronted Frei. Johnson called Frei "white trash," "a scumbag," a "loser," and "the dumbest person [he'd] ever met." In one instance, Johnson, told him to "cut out that bullshit ... on your blog," and aggressively stood near Frei's car. In the confrontations that precipitated Frei's surreptitious recording, Johnson and several of his friends set up ice fishing holes a mere few feet away from Frei's house on Lake Hamilton. The group displayed a sign pointed at Frei's home that read "EAT ME." The men were loud and boisterous. One individual even urinated on Frei's property. This behavior persisted until the confrontation that culminated with Frei's recording Johnson.
According to Frei, he walked up to the men to ask them to leave when he was intentionally knocked to the ground.[2] According to Frei, while he was down on the ice, Johnson was about to kick him but stopped when Frei announced that he was recording the incident. Johnson commenced his suit against Frei after Frei posted the recording to his blog. Accordingly, despite the merit in Johnson's § 99(Q) claim, on the basis of the parties' acrimonious history and the events that transpired on the ice prior to Frei's surreptitious recording, the jury could have readily inferred that Johnson's suit was an extension of his prior attempts to compel Frei to remove his blog, rather than a good faith attempt to recover damages for Frei's unlawful activities.
Last, if the jury were to find that Johnson commenced suit with an ulterior purpose, Frei would be entitled to recover reputational damages and the cost of defending against the suit. Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 645 (2010). We conclude, therefore, there is sufficient evidence in this record to satisfy all three prongs of an abuse of process claim.
2. Sufficiency of the evidence on § 99(Q) violation. We turn now to Frei's contention that the evidence did not support a finding that Johnson is an aggrieved person under § 99(Q).
Section 99(Q), inserted by St. 1968, c. 738, § 1, provides:
"Any aggrieved person whose oral or wire communications were intercepted, disclosed or used except as permitted or authorized by this section ... shall have a civil cause of action against any person who so intercepts, discloses or uses such communications ...."
Further, an "aggrieved person" is defined as "any individual who was a party to an intercepted wire or oral communication." G. L. c. 272, § 99(B)(6). "An interception includes a secret recording." Birbiglia v. Saint Vincent Hosp., Inc., 427 Mass. 80, 86 (1998), citing G. L. c. 272, § 99(B)(4). Here, there is no dispute that Frei, using his cellular telephone, secretly recorded Johnson and the other men on the ice. As such, Johnson meets the plain reading of an "aggrieved person" under the statute and we need not look further. See Reading Co-op. Bank v. Suffolk Constr. Co., 464 Mass. 543, 547 (2013) ("We interpret a statute in accordance with the plain meaning of its text").
3. Johnson's attorney's fees award. Frei challenges the award of attorney's fees to Johnson. As grounds, he reasserts that Johnson is not an "aggrieved person"; and, further, that he is not entitled to recoup monies that the town, and not he, expended. We disagree.
Frei's first challenge fails because, as discussed above, Johnson does meet the definition of an "aggrieved person" under G. L. c. 272, § 99(B)(6). In addition, while we can sympathize with Frei's concern over the town expending funds to represent Johnson, who was sued in his individual capacity, that fact does not bar Johnson's recovery of attorney's fees. See Darmetko v. Boston Hous. Authy., 378 Mass. 758, 764-765 (1979) (attorney's fees awarded even though law students represented the plaintiff for free and could not receive remuneration). Therefore, we perceive no abuse of discretion in the judge's award of attorney's fees to Johnson, which we presume will be recouped by the town.
4. Rule 11(a) sanctions. We also see no merit to Frei's final challenge to the judge's ruling. Here, Frei contends the judge erred in denying a request for sanctions against Johnson's attorney, who, Frei claims, misrepresented the holding in Commonwealth v. Hyde, 434 Mass. 594 (2001), in her opposition to Frei's motion to dismiss. Contrary to Frei's assertion, the attorney did not misapply Hyde. In any event, even if she had, counsel are not infallible. Accordingly, we discern no abuse of discretion in the judge's ruling.
5. Sufficiency of the evidence on MCRA violation. On appeal, Johnson argues that the evidence did not support a finding that he threatened, intimidated, or coerced Frei in violation of the MCRA. See Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989), quoting from G. L. c. 12, § 11H. We disagree. Under the MCRA, threats are "intentional exertion[s] of pressure to make another fearful or apprehensive of injury or harm." Haufler v. Zotos, 446 Mass. 489, 505 (2006), quoting from Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474, cert. denied, 513 U.S. 868 (1994). Here, Johnson angrily approached Frei on several occasions. He told Frei to "cut out that bullshit ... on your blog," and aggressively stood near Frei's car. He then chose to ice fish right outside Frei's home and, according to Frei, attempted to strike Frei when Frei was on the ice. On the totality of the circumstances, the jury could have concluded that Frei reasonably feared that Johnson's aggressive behavior was escalating and threatening, and, therefore, that Frei reasonably feared for his safety. See Commonwealth v. Maiden, 61 Mass. App. Ct. 433, 436 (2004) (a threat exists when "its content in the circumstances ... would cause the target of the threat to fear that the threatened crime or injury might be inflicted").
6. Frei's attorney's fees award. Johnson challenges the judge's award of attorney's fees to Frei on two grounds. He asserts the award is disproportionate to Frei's damages and, further, that Frei's attorney did not provide the judge with sufficient records of the time he spent on the MCRA claim. We disagree.
First, "when a plaintiff's victory, although 'de minimis as to the extent of relief[,] ... represent[s] a significant legal conclusion serving an important public purpose,' the fee award need not be proportionate to the damages recovered." Killeen v. Westban Hotel Venture, LP., 69 Mass. App. Ct. 784, 792 (2007), quoting from Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 125 (1st Cir. 2004). While Frei's damages award was small, his defense of his right to free speech is not. See Commonwealth v. Lucas, 472 Mass. 387, 388 (2015) (right of free speech is "fundamental" and protected by art. 16 of the Massachusetts Declaration of Rights). Second, the record indicates that the judge carefully and properly analyzed Frei's lawyer's records using the lodestar method, see T. Butera Auburn, LLC v. Williams, 83 Mass. App. Ct. 496, 503 (2013), and awarded an amount within "the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). We discern no abuse of discretion.[3]
Conclusion. So much of the Appellate Division decision and order as affirms the directed verdict on Frei's abuse of process claim is reversed, and the matter is remanded to the District Court for further proceedings consistent with this memorandum and order. In all other respects, the decision and order of the Appellate Division is affirmed.[4]
So ordered.
Reversed in part and remanded; affirmed in part.

Johnson, however, claims Frei slipped on the ice. The jury, of course, were free to disbelieve Johnson's evidence. See T. Butera Auburn, LLC v. Williams, 83 Mass. App. Ct. 496, 501 (2013).

Frei also challenges his attorney's fee award, contending his attorney's work on his other claims "was so inextricably intertwined" with his MCRA claim that the judge cannot separate the work. See Ross v. Continental Resources, Inc., 73 Mass. App. Ct. 497, 515 (2009). The judge found that she could separate the work, and, upon our own review of the record, we discern no abuse of discretion.

Frei's request for appellate attorney's fees pursuant to Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979), is denied.