Joseph E. Hubbard *vs.* Beatty & Hyde, Inc. & another.

Suffolk.    October 3, 1961. — December 1, 1961.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Spiegel, JJ.

*Malicious Prosecution.*

An action for malicious prosecution lies for the improper institution of a bankruptcy proceeding. [260–261]

In an action for malicious prosecution based on the institution of a bankruptcy proceeding by the defendant against the plaintiff, want of probable cause to institute it was not shown by the declaration and a demurrer thereto was properly sustained where it appeared from the allegations that the defendant might have had a reasonable belief that he would prevail in establishing that the plaintiff, while insolvent, made preferential transfers of money and property and that the defendant's

claim against the plaintiff, for breach of warranty of title in a sale of wool, was liquidated in amount as required by the bankruptcy act for the claim of a petitioning creditor, although, after litigation in the bankruptcy court, it was there decided that the defendant's claim was not liquidated in amount and his petition was dismissed with his consent. [261–263]

TORT. Writ in the Superior Court dated December 9, 1960.

The action was heard by *Lurie, J.*, on demurrer.

*Joseph R. Nolan, (Edward I. Perkins* with him,) for the plaintiff.

*Marshall Simonds, (Samuel L. Batchelder, Jr.,* with him,) for the defendants.

SPALDING, J. The plaintiff brings this action of tort to recover for damage allegedly sustained by him by reason of a petition brought by Beatty & Hyde, Inc., on May 27, 1958, seeking to have him adjudicated a bankrupt. The declaration contains two counts: in one, Beatty & Hyde, Inc., is the defendant, and it is alleged that it instituted the bankruptcy proceedings; in the other, Charles K. Beatty, president and treasurer of Beatty & Hyde, Inc., is the defendant, and it is alleged that he caused the bankruptcy proceedings to be brought by the corporation. Malicious prosecution is the basis of recovery under each count. Each defendant demurred on the ground, among others, that the declaration was insufficient in law to enable the plaintiff to maintain the action and this is the only ground that need be considered. The demurrers were sustained and the plaintiff appealed.

Since the issue upon which we dispose of the case is common to both counts, we shall confine our discussion to the first count. The declaration, which incorporates the bankruptcy petition and the report of a special master,[1] sets forth the following: On July 29, 1957, the corporate defendant (Beatty) purchased from Joseph E. Hubbard, the

---

[1] In the bankruptcy proceedings the alleged bankrupt (plaintiff here) raised the question that the claim which was the basis for the petition was not a liquidated one and hence the petition could not be maintained. This issue was referred to a referee in bankruptcy as special master.

plaintiff, a lot (#3163) of scoured wool. The wool at that time was in the scouring plant of Lawrence Wool Scouring Co., Inc. (Lawrence), in Lawrence. Beatty, on August 5, 1957, paid Hubbard $14,038.84, the purchase price for the wool, and shortly thereafter Hubbard delivered to Beatty a delivery order on Lawrence for the wool. Without seeking delivery of the wool from Lawrence, Beatty made repeated attempts to sell it. In March, 1958, Beatty obtained a customer for the wool and presented the delivery order to Lawrence. Lawrence refused to deliver the wool because there were unpaid charges (in excess of $7,000) due it from Hubbard for the scouring of lot 3163 and several other lots. Beatty, when it purchased the wool from Hubbard, had no knowledge of the existence of any lien for scouring charges. In April, 1958, wool was released by Lawrence to the Top Company and charges (about $2,500) on this wool, which was not part of lot 3163, were paid. After this release, a balance of over $5,000 remained due from Hubbard to Lawrence.

On May 27, 1958, Beatty, as a single creditor, brought a petition in bankruptcy against Hubbard in the Federal Court for the District of Massachusetts, alleging that Hubbard, being insolvent, committed acts of bankruptcy by transferring wool to Top Company, in payment of an antecedent debt owed by Hubbard to Top Company, and by paying sums of money to Lawrence on account of antecedent debts. It was alleged that such transfers constituted unlawful preferences. The special master, to whom the case was referred, recommended in his report that the petition be dismissed on the ground that Beatty did not have a claim "liquidated as to amount," as required by § 59(b) of the Bankruptcy Act. Beatty, "through its attorney, assented to this report." The bankruptcy petition, it is alleged, was brought "maliciously" and "without probable cause and for [the] purpose of destroying the credit, reputation and business" of Hubbard.

Whatever the law may be elsewhere (see Prosser on Torts [2d ed.] p. 662), the action for malicious prosecution

in this Commonwealth is not confined to the wrongful initiation of criminal proceedings; it may be maintained for the unjustifiable initiation of a civil action. *Rosenblum* v. *Ginis,* 297 Mass. 493, 497. See Restatement: Torts, § 674. And we have no doubt that this remedy is available to one against whom bankruptcy proceedings have been improperly instituted. *Wilkinson* v. *Goodfellow-Brooks Shoe Co.* 141 F. 218 (C. C. E. D. Mo.). *Norin* v. *Scheldt Mfg. Co.* 297 Ill. 521. *Nassif* v. *Goodman,* 203 N. C. 451. *Farley* v. *Danks,* 4 El. & Bl. 493. *Quartz Hill Gold Consol. Mining Co.* v. *Eyre,* 11 Q. B. D. 674. Restatement: Torts, § 678. In order to prevail in such an action, the plaintiff must establish that the original action was brought maliciously and without probable cause, and has been terminated in favor of the plaintiff. *Rosenblum* v. *Ginis, supra* at page 497. Restatement: Torts, § 678. "Generally speaking, the same conditions are necessary to support a tort action for the malicious prosecution of civil proceedings as in the case of criminal proceedings." Harper and James, Law of Torts, p. 328. But it has been said — and with good reason — that "less in the way of grounds for belief will be required to justify a reasonable man in bringing a civil rather than a criminal [proceeding]." Prosser on Torts (2d ed.) p. 665. The distinction in this respect between actions based on criminal prosecutions and those arising out of civil proceedings has been stated in Restatement: Torts, § 674, comment c, as follows: "[A] prosecution for a criminal offense is not justified unless the prosecutor believes and has probable cause for believing that the person against whom the proceedings are brought is guilty of the crime charged . . . . Belief, even if reasonable, in the possible guilt of the accused is not enough to give the private prosecutor cause to initiate criminal proceedings. . . . On the other hand, a reasonable belief in the possibility that the claim may be held valid is sufficient to give probable cause for the initiation of civil proceedings." See *Allen* v. *Codman,* 139 Mass. 136, 138.

In support of its demurrer the defendant urges that the facts set forth in the declaration do not show a want of

probable cause on its part in the instituting of the bankruptcy proceedings. We agree. It cannot be said that Beatty's decision to institute bankruptcy proceedings against Hubbard did not appear at the time to be a reasonable course to pursue to void the apparently preferential transfers to Top Company and Lawrence, and to prevent the apparently insolvent Hubbard from continuing to make preferential transfers. The bankruptcy proceedings would allow Beatty to recover, at least partially, on its claim for breach of warranty of title. Although there were no findings on the merits by the special master, we think that there was probable cause for Beatty to believe that it might prevail in establishing that Hubbard was insolvent and that the release of the wool to Top Company and the payment to Lawrence were preferential transfers. The fact that Beatty's petition was dismissed for failure to present a liquidated claim does not per se show a lack of probable cause. While § 59 of the Bankruptcy Act states that a petitioning creditor must have a provable claim "liquidated as to amount and not contingent as to liability" (52 Stat. 868 [1938] as amended by 66 Stat. 425, 11 U. S. C. § 95[b] [1958]), the question as to whether a given claim is a liquidated one often presents questions of difficulty on which the courts are not always in agreement. See *In re Mann,* 117 F. Supp. 511, 515–516. (D. Md.). Compare *In re Central Ill. Oil & Ref. Co.* 133 F. 2d 657, 660 (7th Cir.). Beatty could reasonably believe that its claim was liquidated in amount so as to allow it to bring a petition in bankruptcy. It turned out, after litigation, that it was mistaken, but a mistake of this sort is one of law and ought not to afford the basis for an action for malicious prosecution based on civil proceedings where, as pointed out above, more latitude is allowed with respect to probable cause than in a criminal case. All that is necessary, where civil proceedings are involved, is that the "claimant reasonably believe that there is a chance that his claim may be held valid upon adjudication." Restatement: Torts, § 675, comment e. Were the rule otherwise, many honest liti-

gants would be deterred from invoking the aid of the courts
for fear of subjecting themselves to a law suit in return.
It is doubtless for this reason that it has been said that the
action of malicious prosecution is "not to be favored and
ought not to be encouraged." *Wingersky* v. *E. E. Gray
Co.* 254 Mass. 198, 201–202. *Stone* v. *Crocker,* 24 Pick. 81,
83. *Cloon* v. *Gerry,* 13 Gray, 201–202.

In view of this conclusion it is unnecessary to consider
the other arguments urged in support of the demurrer.

*Order sustaining demurrer affirmed.*