WALTER F. LINCOLN, JR. vs. W. JOSEPH SHEA.

Middlesex. December 9, 1971. — January 11, 1972.

Present: TAURO, C. J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Malicious Prosecution. Probable Cause. Law or Fact.*

In an action of tort for malicious prosecution, want of probable cause for the prosecution at the time it was initiated is the essential ground of the action and the plaintiff has the burden of proof on this issue; such burden is not satisfied by a showing of malice on the defendant's part or by an acquittal of the plaintiff. [4–5]

Probable cause in an action for malicious prosecution is a question of law when the facts are fully established or undisputed. [5]

In an action for malicious prosecution against a police officer who initiated a prosecution of the plaintiff for operating a motor vehicle on a public way after suspension of his operator's license, where it was undisputed that the defendant saw a vehicle bearing Massachusetts registration plates "constructed and designed for propulsion by power other than muscular power" within the definition of a motor vehicle in G. L. c. 90, § 1, being operated under its own power along a public way by the plaintiff, who, he knew had no license to operate motor vehicles, and there was no evidence that the defendant knew any facts about such vehicle which would bring it within the exceptions stated in the statutory definition, rulings were required as a matter of law that the defendant acted with probable cause in his prosecution of the plaintiff and that the plaintiff could not recover, even if in fact the vehicle, a sidewalk tractor snowplow unit, was within such exceptions. [5–6]

TORT. Writ in the Superior Court dated March 1, 1960.

The action was tried before *Chmielinski, J.*

*Joseph Stashio* for the plaintiff.

*James W. Kelleher* (*Daniel H. Kelleher* with him) for the defendant.

1

QUIRICO, J.  This is an action of tort for the alleged malicious prosecution of the plaintiff by the defendant on a charge of operating a motor vehicle on a public way after the suspension of his license and right to operate motor vehicles and before the restoration of such license and right.  G. L. c. 90, § 10, as amended through St. 1963, c. 713, § 1.  After trial in the Superior Court a jury returned a verdict for the plaintiff for $1,800.  The verdict was entered under leave reserved and thereafter the trial judge ordered that a verdict be entered for the defendant.  G. L. c. 231, § 120.  The case is before this court on the plaintiff's exception to that order.  The sole issue argued by the parties in their briefs is whether the plaintiff sustained his burden of proving that his prosecution by the defendant was without probable cause.

We summarize the evidence bearing on the issue of probable cause.  The plaintiff lived in the town of Natick and the defendant was the chief of the town's police.  In September, 1965, the defendant charged that the plaintiff, while riding as a passenger in an automobile, swore at him.  After trial on the complaint the plaintiff was found not guilty but his license and right to operate motor vehicles was taken away by the Registry of Motor Vehicles on recommendation of the defendant.  On or about January 24, 1966, the plaintiff spoke to the defendant and sought his help or approval in having his license restored.  The plaintiff contends that the defendant told him, "You will never get your driver's license," while the defendant contends that he told the plaintiff that he would check with his officers to see what the plaintiff's behavior had been.

On January 25, 1966, the plaintiff was hired by the town to drive a sidewalk tractor snowplow unit and was given instructions on its operation.  The unit consisted of a motor driven crawler tractor with a snowplow attached thereto.  It bore Massachusetts registration plates numbered B47,760.  The plaintiff operated the unit on various streets of the town starting about eight or nine o'clock that morning.  About 12:10 P.M. of that day,

when the defendant was driving along Speen Street, a public way in the town, he saw the snowplow unit coming toward him in the middle of the road with the plaintiff operating it. The defendant stopped the plaintiff and asked him for his license. The plaintiff said he did not have one, whereupon the defendant placed him under arrest and called for a cruiser to remove him to the police station. He was held in custody in a cell at the police station for several hours until he was released on bail.

The defendant had not read the statutory definition of "motor vehicles" for about ten years prior to that time. G. L. c. 90, § 1. When he observed that the tractor snowplow unit being driven by the plaintiff had a registration number plate on it, this indicated to him that it was a motor vehicle. Believing that it was a motor vehicle, he signed a complaint charging the plaintiff with the offence of operating a motor vehicle after the suspension of his license and right to operate. The defendant had been a police officer in the town about thirty-three years, twenty of which he served as chief of police, and he had prosecuted motor vehicle violations in court for about sixteen years. He prosecuted the complaint against the plaintiff and also testified at the trial on that complaint. After trial the plaintiff was found not guilty.

In support of his allegation that the defendant prosecuted him "without probable cause" the plaintiff relies almost entirely on the contention that the tractor snowplow unit which he was operating did not come within the definition of "motor vehicles" in G. L. c. 90, § 1, as amended through St. 1950, c. 321, § 2. The pertinent portion of the definition is as follows: " 'Motor Vehicles,' all vehicles constructed and designed for propulsion by power other than muscular power . . . except . . . vehicles used for other purposes than the transportation of property and incapable of being driven at a speed exceeding twelve miles per hour and which are used exclusively for the building, repair and maintenance of highways or designed especially for use elsewhere than on the travelled part of ways . . . ."

The plaintiff presented much evidence, including speci-
fications of the manufacturer of the tractor and testi-
mony of town employees, to the effect that the unit was
incapable of being driven at a speed exceeding five and
one-half miles an hour. From this alone he argues that
the unit was not a "motor vehicle." This ignores the fact
that to come within the exception to the statutory defini-
tion the unit must not only be incapable of attaining a
speed of more than twelve miles an hour, but it must
also meet other criteria. It must (a) be used for pur-
poses other than transportation of property and (b)
either be used exclusively for specified highway purposes
or be designed especially for use off the travelled part of
ways. It is doubtful whether, on the record before us, it
can be said that the plaintiff presented enough evidence
to permit a finding that the snowplow unit which he was
driving when arrested came within the exception to the
statutory definition of "motor vehicles" in the several
essential respects other than the maximum speed capa-
bility. However, in our view of this case, the result does
not turn on that point.

In our view, it is not decisive whether the unit falls
within the general statutory definition of "motor vehi-
cles" or whether it falls within the exception thereto.
Rather, what is decisive here is whether the defendant
acted reasonably in swearing out a complaint against
the plaintiff on the basis of the information and knowl-
edge which he possessed at that time. If so, he acted with
probable cause. In an action of tort for malicious prose-
cution, "want of probable cause is the essential ground
of the action and the plaintiff has the burden of proof on
this issue. *Stone* v. *Crocker*, 24 Pick. 81, 84. *Keefe* v.
*Johnson*, 304 Mass. 572, 577. *Broussard.* v. *Great At-
lantic & Pacific Tea Co.* 324 Mass. 323, 326. 'This must
be affirmatively proved, and may not be inferred from
the existence of malice . . . or from the fact of acquittal
or anything else.' *Higgins* v. *Pratt*, 316 Mass. 700, 709.
It has been said that probable cause is 'such a state of
facts in the mind of the prosecutor as would lead a man

of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested is guilty.' *Bacon* v. *Towne,* 4 Cush. 217, 238–239. The defendant's conduct must be judged by his honest and reasonable belief at the time he instituted the complaint rather than by what may turn out later to have been the actual state of things." [1] *Muniz* v. *Mehlman,* 327 Mass. 353, 358–359.

Whether the defendant acted reasonably in swearing out and prosecuting the complaint against the plaintiff depends on all of the facts òf the case. However, "[w]hen the facts are fully established or undisputed, probable cause becomes a question of law." *Muniz* v. *Mehlman,* 327 Mass. 353, 359. *Casavan* v. *Sage,* 201 Mass. 547, 553. *Bannon* v. *Auger,* 262 Mass. 427, 435. In the present case there are undisputed facts which require a ruling that the defendant acted with probable cause in his prosecution of the plaintiff. He saw a vehicle "constructed and designed for propulsion by power other than muscular power" bearing Massachusetts registration plates being driven under its own power along a public way by the plaintiff whom he knew to have no right or license to operate motor vehicles. There is no evidence that the police chief knew any facts about this vehicle which would take it out of the general part of the complicated statutory definition of "motor vehicles" and place it within the exceptions stated in the definition. A man of ordinary caution and prudence, whether a police officer or not, knowing and seeing what the defendant knew and saw, would reasonably believe, or would entertain an honest and strong suspicion, that the plaintiff was operating a motor vehicle after the suspension of his right and

---

[1] At this point in the quoted language the court referred to a footnote which read in part as follows: "It is important to keep this distinction in mind. For example, in the present case there was evidence in the court below tending to prove that the plaintiff did not in fact commit the offences for which complaints were brought, and there was also evidence that he did. But the question was not whether he was in fact guilty but whether the defendant had probable cause to believe that he was."

license so to do. The defendant's actions and conduct indicate that he believed this to be the case, and there is no evidence to permit a decision to the contrary. Therefore, as a matter of law, the evidence was not sufficient to permit a finding that the defendant acted without probable cause in prosecuting the plaintiff. There was no error in entering a verdict for the defendant under leave reserved.

*Exceptions overruled.*