LISA M. BEDNARZ *vs.* MICHAEL J. BEDNARZ & another.

No. 88-P-77.

Franklin.   December 9, 1988. — August 10, 1989.

Present:' ARMSTRONG, KAPLAN, & SMITH, JJ.

*Malicious Prosecution. Abuse of Process.*

The plaintiff in a civil action failed to meet her burden in her claim for mali-
cious prosecution of establishing that the defendant did not have probable
cause, that is, an honest and reasonable belief of the merits of his case,
at the time he commenced an unsuccessful civil action against the plain-
tiff. [672-673]

The plaintiff in a civil action did not sustain her burden of proof in her claim
for abuse of process, where the defendant's commencement of an action
against the plaintiff was not groundless, and no improper ulterior motive
of the defendant was shown. [673-674]

CIVIL ACTION commenced in the Superior Court Department
on March 4, 1985.

The case was tried before *Robert S. Prince,* J.

*Gary B. Liquori* for Michael J. Bednarz.

*Jack D. Curtiss* for Lisa M. Bednarz.

SMITH, J.   The plaintiff, Lisa Bednarz, brought a two-count
complaint in the Superior Court against Michael Bednarz
(Michael) and his son, James Bednarz (James). In the first
count, the plaintiff sought damages for abuse of process, claim-
ing that the defendants used a real estate attachment improperly.
The second count alleged that the defendants either intention-
ally or negligently failed to make required mortgage payments.

The plaintiff's complaint was tried before a jury. At the
close of the plaintiff's case the defendants moved for directed
verdicts. The motions were allowed as to the second count but
denied in regard to the first count. At the same time the plaintiff
moved to amend her complaint by adding a third count that
alleged the defendants committed the tort of malicious pros-

ecution by filing a groundless civil action against her. The judge allowed the motion. The plaintiff was also allowed to add a claim for "physical and emotional distress" as to the first count. The jury returned verdicts on the first and third counts in favor of the plaintiff against both defendants and assessed damages in the sum of $20,700 as to each defendant. The defendants then filed motions for judgment notwithstanding the verdicts, claiming, among other things, that the plaintiff failed to establish the elements of malicious prosecution and abuse of process. The judge denied the motions. The issue presented on appeal is whether the defendants' motions for directed verdicts and for judgments notwithstanding the verdicts were properly denied.

1. *Malicious prosecution.* We first start with the defendants' claims in regard to the evidence presented on the count alleging malicious prosecution. The essential element in all malicious prosecution actions to be proved by the plaintiff is that the defendant lacked probable cause in bringing the original action against the plaintiff. *Lincoln* v. *Shea*, 361 Mass. 1, 4 (1972). *Morreale* v. *DeZotell*, 10 Mass. App. Ct. 281, 281-282 (1980). *Carroll* v. *Gillespie*, 14 Mass. App. Ct. 12, 18 (1982). Here, the defendants argue that the plaintiff failed to sustain her burden of showing a lack of probable cause on their part in bringing the original action against her. We summarize the evidence on that point in the light most favorable to the plaintiff.[1]

---

[1] There is a unique twist involving the different functions between judge and jury in regard to probable cause in malicious prosecution cases. "It has been said repeatedly that when the facts are fully established or undisputed, probable cause becomes a question of law." *Keefe* v. *Johnson*, 304 Mass. 572, 577 (1939). *Lincoln* v. *Shea*, 361 Mass. at 5. "In those situations, this rule apparently has the practical effect of requiring the judge to decide the issue of probable cause, even though the evidence, viewed under the usual directed verdict standard, is sufficient to permit the jury to decide the issue. It is equally well established, however, that the rule applies only in the situations specified . . . and that '[w]hen the facts are disputed . . . probable cause is a question for the jury.'" *Carroll* v. *Gillespie*, 14 Mass. App. Ct. 12, 18 n.10 (1982), quoting from *Seelig* v. *Harvard Coop. Soc.*, 1 Mass. App. Ct. 341, 344 (1973). Here, the defendants do not make any claim that the facts in regard to probable cause were fully established or

The plaintiff and Michael's son, James, were married on October 17, 1975. After their marriage, the couple moved into a house on Michael Lane, New Salem, owned by Michael. In 1977, Michael and James started the "Orange Cash and Carry," a retail lumber and hardware business. They were the only persons employed in the business. They worked together, side-by-side, every day up to and including the trial of the present action.

On October 11, 1978, the plaintiff and her husband purchased the Michael Lane property from Michael "for consideration less than $100," assuming an $8,000 mortgage. Subsequently, the couple took out a $20,000 mortgage from the Guaranty Bank and Trust Company in Worcester.[2] On June 24, 1982, the couple purchased, also from Michael, a two-family house on Cheney Street in Orange. The consideration listed in the deed was $18,000 and they took out a $12,000 mortgage with the Orange Savings Bank. They gave Michael that amount toward the purchase price of the house. The couple moved into the second floor apartment and rented the first floor space. They also rented the Michael Lane property. The rental money from the properties was used by James to make mortgage payments to both banks.

Shortly after they moved into the Cheney Street property, marital problems developed between the plaintiff and James and they separated in March, 1983. The plaintiff, thereafter, consulted an attorney and brought a divorce action in April, 1983, against James in the Franklin County Probate Court. In her complaint, she requested an order conveying the Michael Lane and Cheney Street properties to her. At the same time, she filed motions for temporary orders for custody and support.

---

undisputed, and therefore the judge should have decided the question. Rather, the issue they raise on appeal is that the plaintiff failed to sustain her burden of showing that Michael lacked probable cause when he filed his complaint against her. Thus, because the claim relates to the sufficiency of the evidence, "[w]e therefore proceed to the usual inquiry whether the evidence most favorable to the plaintiff supports a finding that probable cause was lacking." *Carroll* v. *Gillespie, supra.*

[2] They used part of the proceeds of that mortgage to pay off the $8,000 mortgage. The remaining money was used to build an addition onto the house.

Both Michael and James were "upset" by the plaintiff's action in filing for a divorce. The plaintiff received a telephone call from James before the court hearing on her request for temporary orders. He told her "there was no way [she] was going to get anything out of the divorce, because his father [Michael] was going to fix [her], he was putting a lien on all [their] property, and he was going to get the things, [she] wouldn't get anything." [3]

A short time later, Michael consulted an attorney about bringing a civil action against the plaintiff and his son, James. Michael told the lawyer that the couple owed him $6,000 from the purchase of the Cheney Street property. He also stated that they owed him for materials taken from the business by James to "fix up" the Cheney Street property and for the installation of a new septic system on the Michael Lane property. On May 4, 1983, the lawyer, on behalf of Michael, brought a civil action in the Orange District Court against the plaintiff and James for money loaned and materials supplied. [4] That action was tried in June, 1984. The judge found in favor of the plaintiff (and James) and dismissed Michael's complaint.

During the trial of the plaintiff's complaint against him, Michael testified as to the contents of his conversation with his attorney. He stated that the reason he had the complaint brought against the plaintiff and his son was because they owed him money. James testified on behalf of his father and stated that he and the plaintiff owed money to Michael at the time Michael brought the civil action. The plaintiff did not dispute the defendants' testimony that James had taken materials from the business to repair the Cheney Street property. She readily acknowledged that there was a $6,000 difference between the purchase price of the Cheney Street property and the amount of

---

[3] The judge ruled that this evidence was admissible only on the plaintiff's case against James. He was not asked by the plaintiff, during the trial, to modify his ruling to include the case against Michael.

[4] The defendants based part of their defense upon the fact that Michael consulted an attorney before bringing his original action. The attorney did not testify at the trial. The defendants did not introduce sufficient evidence on this point (see *Higgins* v. *Pratt,* 316 Mass. 700, 710-711 [1944]), and we do not consider that the defense was established as matter of law.

money they had paid Michael. She testified that she did not know of the "arrangement" between Michael and James in regard to that money but that, in any event, she considered the $6,000 to be a gift from Michael to her and James.

In the context of a malicious prosecution action based on a criminal complaint, probable cause has been defined as "such a state of facts in the mind of the [defendant] as would lead a [person] of ordinary caution and prudence to believe, or entertain an honest and strong suspicion," that the plaintiff has committed a crime. *Lincoln* v. *Shea,* 361 Mass. at 4-5, quoting from *Bacon* v. *Towne,* 4 Cush. 217, 238-239 (1849). However, where the malicious prosecution action is based on a civil suit, it has been held that "less in the way of grounds for belief will be required to justify a reasonable man in bringing a civil rather than a criminal [proceeding]." Prosser on Torts (2d ed.) p. 665 as quoted in *Hubbard* v. *Beatty & Hyde, Inc.,* 343 Mass. 258, 261 (1961). "All that is necessary, where civil proceedings are involved, is that the '[defendant] reasonably believe that there is a chance that his claim may be held valid upon adjudication.'" *Hubbard* v. *Beatty & Hyde, Inc., supra* at 262. Restatement (Second) of Torts § 675 comment e (1977).[5] Lack of probable cause "may not be inferred from the existence of malice . . . or from the fact of acquittal or anything else." *Higgins* v. *Pratt,* 316 Mass. 700, 709 (1944). Further, the defendant's conduct in bringing a civil action against the plaintiff "must be judged by his honest and reasonable belief at the time he instituted the [civil action] rather than by what may turn out later to have been the actual state of things." *Muniz* v. *Mehlman,* 327 Mass. 353, 359 (1951).

---

[5] Generally, the decisions have held that probable cause is judged by an objective, rather than a subjective standard. *Seelig* v. *Harvard Coop. Soc.,* 1 Mass. App. Ct. at 344. *Carroll* v. *Gillespie, supra* at 19.

However, there is authority for holding that the proper test for probable cause is subjective *and* objective. See Restatement, *supra.* Prosser & Keeton, Law of Torts § 120 at 893 (5th ed. 1984). Thus, the initiator of the original action must honestly believe in its possible merits and in light of the facts that belief must be reasonable. Here, under both tests the plaintiff failed to sustain her burden.

As previously stated, the plaintiff has the difficult burden of proving a negative fact, that is want of probable cause on Michael's part at the time that he brought his civil action. It was not disputed that the couple bought the Cheney Street property from Michael for $18,000 and paid only $12,000. Part of Michael's claim in his civil action was for the $6,000 he contended that he was owed by the couple. It appears from this record that the plaintiff has failed to meet her burden. To hold otherwise would deter "many honest litigants . . . from invoking the aid of the courts for fear of subjecting themselves to a law suit in return. It is doubtless for this reason that it has been said that the action of malicious prosecution is 'not to be favored and ought not to be encouraged.' " *Hubbard* v. *Beatty & Hyde, Inc.*, 343 Mass. at 262-263, quoting from *Wingersky* v. *E.E. Gray, Co.*, 254 Mass. 198, 201-202 (1926).

2. *Abuse of process claim.* To constitute a claim of abuse of process, the plaintiff must show that process "was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." *Quaranto* v. *Silverman*, 345 Mass. 423, 426 (1963). *Jones* v. *Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 389 (1975). Here, the plaintiff claims that the attachment placed on the plaintiff's (and James's) property constituted abuse of process. We disagree.

The plaintiff argues that the attachment was based on a groundless action by Michael and was filed "to give his son, James, leverage or an advantage in the domestic relations action by 'tying' up the property . . . or to gain an advantage for his son in the divorce negotiations." In part one of this opinion, we have held that Michael's action was not groundless. Further, "mere commencement of litigation to enforce a claim which the person commencing the litigation knows or reasonably should have known to be groundless [does not] constitute legal abuse of process without proof of any ulterior purpose." *Beecy* v. *Pucciarelli*, 387 Mass. 589, 596 (1982). Here, there was no evidence introduced against Michael (see note 3, *supra*)

that demonstrated an ulterior purpose on his part. Likewise, the plaintiff failed to sustain her burden against James.

*Judgments reversed.*

*Judgments for defendants.*