NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1146

JOHN C. VIEIRA, SECOND[1]

vs.

JOHN ALEXANDER & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from the dismissal of his claims on summary judgment against three Barnstable police officers.[3] The claims -- for malicious prosecution and related torts -- were based on an incident that occurred on July 12, 2018, when the plaintiff was arrested following an argument with his son. The plaintiff argues that his wife's and son's statements to a police officer about the argument should have been corroborated by a second officer and that, without such corroboration, there

---

[1] As is our custom, we spell the plaintiff's name as it appears in the complaint, although the lower court docket refers to the plaintiff as John C. Veira, II.

[2] Dennis Frankio and Anson Moore.

[3] The order entered October 22, 2021, denying the plaintiff's motion for relief from judgment is not before us, the plaintiff having failed to notice an appeal from that order. Accordingly, we do not consider any arguments, to the extent made, addressing that order.

was no probable cause to arrest him, his tort claims were viable, and the judge erred in granting summary judgment to the defendants.  We affirm.

"We review a decision to grant summary judgment de novo, to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'"  Jenzabar, Inc. v. Long Bow Group, Inc., 82 Mass. App. Ct. 648, 649 (2012), quoting Bank of N.Y. v. Bailey, 460 Mass. 327, 331 (2011).  "If a plaintiff has failed to establish 'an essential element' of [his] case, all other facts are rendered immaterial."  Helfman v. Northeastern Univ., 485 Mass. 308, 314 (2020), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).  Lack of probable cause is an essential element in the plaintiff's claims of malicious prosecution, false arrest, and false imprisonment; summary judgment on these claims is proper where there is probable cause to arrest.[4]  See, e.g., Gutierrez v. Massachusetts Bay Transp.

---

[4] Probable cause is not an essential element of the plaintiff's claims for malicious abuse of process and intentional infliction of emotional distress.  However, the plaintiff's brief raises no argument other than the lack of probable cause and, therefore, the dismissal of those claims is not before us.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  We also deem waived, to the extent raised, any argument that the motion judge should have, sua sponte, recused himself, the plaintiff having failed to raise that argument before judgment entered.  See Carey v. New England Organ Bank, 446 Mass. 270,

2

Auth., 437 Mass. 396, 405 (2002) (defendants' probable cause to arrest precludes liability for false arrest and malicious prosecution); Doggett v. Hooper, 306 Mass. 129, 133 (1940) ("An arrest warranted by law is not false imprisonment").

"Probable cause in the context of a civil action for malicious prosecution has long been defined as 'such a state of facts in the mind of the . . . [defendant] as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion,' that the plaintiff had committed a crime" (emphasis, footnote omitted). Carroll v. Gillespie, 14 Mass. App. Ct. 12, 19 (1982), quoting Lincoln v. Shea, 361 Mass. 1, 4-5 (1972). See Bednarz v. Bednarz, 27 Mass. App. Ct. 668, 672 n.5 (1989) ("probable cause is judged by an objective, rather than a subjective standard"). "We examine 'the information known to [the defendants] "at the time [they] instituted the complaint rather than . . . what may turn out later to have been the actual state of things."'" Chervin v. Travelers Ins. Co., 448 Mass. 95, 104 (2006), quoting Carroll, supra. "Implicit in this inquiry, however, is the question whether it was reasonable for the defendant to have relied upon that information, given its quality, quantity, and the

_____

285 (2006). See also Matter of a Care & Protection Summons, 437 Mass. 224, 239 (2002) (belated request for recusal "suggests a tactical decision in the face of an adverse ruling").

availability of additional information.  The answer to this question depends on the facts of the individual case."  Carroll, supra at 19-20.

Except where otherwise indicated, the following facts from the summary judgment record are undisputed.  On the evening of July 12, 2018, the plaintiff got into a "very vicious argument" with his son in the living room of the family's home about a cell phone bill.  During the argument, the plaintiff threw his cell phone at his son,[5] who was seated on the couch.  The plaintiff then turned around (without seeing where the cell phone landed), walked away, and called the police.

Two officers responded separately to the call; the first officer spoke to the plaintiff in the driveway, while the second officer spoke to the plaintiff's wife and son on the front porch.  The plaintiff's wife and son told the second officer that the plaintiff struck his son when he threw his cell phone; the plaintiff did not hear this conversation.  Based on the statements of the plaintiff's wife and son, the second officer arrested the plaintiff on charges of assault and battery, in violation of G. L. c. 265, § 13A,[6] and assault and battery with a

---

[5] The plaintiff maintains that he "tossed his cellphone alongside his son," rather than throwing the cell phone.
[6] Section 13A prescribes the criminal penalty for assault and battery, but does not define the crime; the elements are found in the common law.  See Commonwealth v. Slaney, 345 Mass. 135, 138 (1962).  See also Commonwealth v. Bianco, 390 Mass. 254, 263

4

dangerous weapon (to wit, a phone), in violation of G. L. c. 265, § 15A.[7]  The charges against him were ultimately dismissed for lack of prosecution after his wife and son (the only witnesses to the argument) declined to testify against him.

Here, the facts available to the second officer at the time he arrested the plaintiff would give a reasonable person probable cause to believe the plaintiff committed an assault and battery by throwing his cell phone at his son.  The second officer's reliance on the plaintiff's wife's and son's account of the argument was objectively reasonable under the circumstances, as it came from two first-hand witnesses to the altercation who expressed no disagreement as to how the event occurred.  Although corroboration of the wife's and son's version of events was not necessary, partial corroboration came from the fact that the plaintiff had himself called for the police to come to the house because there had been an argument.  Because the summary judgment record showed that the plaintiff had no prospect of establishing at trial that the defendants

_____

(1983), quoting Commonwealth v. McCan, 277 Mass. 199, 203 (1931) ("An assault and battery is the intentional and unjustified use of force upon the person of another, however slight").

[7] "[Section] 15A requires an assault by means of a dangerous weapon, . . . and also an intentional, unjustified touching, however slight, by means of that dangerous weapon." Commonwealth v. Appleby, 380 Mass. 296, 306 (1980).

5

lacked probable cause at the time of his arrest, summary judgment dismissing his claims was proper.

Judgment affirmed.

By the Court (Wolohojian, Englander & D'Angelo, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered:  February 8, 2023.

---

[8] The panelists are listed in order of seniority.