NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-175

JIANGHE NIU

vs.

BOSTON HOUSING AUTHORITY & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff landlord appeals from a decision by a judge of the Housing Court dismissing her case against the defendant housing authority (BHA or defendant) for withholding payments under the Section 8 Housing Choice Voucher Program (Section 8). We affirm.

The plaintiff owns a multifamily building in Dorchester; this case arose from her rental of a unit (in April 2013) to a tenant who possessed a Section 8 housing voucher administered through the BHA.  The BHA-authorized model lease provided for

_____

[1] Department of Housing and Urban Development (HUD).  HUD did not appear in the proceedings below nor has it participated in this appeal.  The trial court judge noted that it is unclear whether HUD was ever served.  The dismissal of the plaintiff's action disposed of any claim she may have had against HUD.

inspection by the BHA and required that the plaintiff maintain and repair the property.

The disagreement at the heart of this lawsuit began with the BHA's February 2018 annual inspection.  This inspection revealed seventeen violations of "housing quality standards." Five additional re-inspections (in March, April, August, September, and October) revealed ongoing and new violations. After the April inspection the BHA issued a stop payment notice. At the end of October, the BHA sent the plaintiff a termination notice.

The plaintiff sued to recover the Section 8 rent subsidy payments that the defendant withheld after the April notice issued.  After a trial, the judge allowed the defendant's motion for a directed verdict (treating it as a motion for involuntary dismissal) and dismissed the plaintiff's action with prejudice.

The pro se plaintiff's arguments are presented inadequately for appellate review.  While we are not insensitive to the challenges of proceeding pro se, pro se litigants are bound by the same rules and requirements as represented parties and are responsible for presenting the materials necessary to permit meaningful appellate review.  See Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019); see also Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994).  The plaintiff failed to meet this standard.  Instead,

2

she made arguments without support to any case law and without reference to (or identification of) the standard of review. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019)("appellate court need not pass upon questions or issues not argued in the brief"); Gaffney v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4 (1996) (conclusory statements in brief do not rise to level of appellate argument); Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993). She also failed to provide us with citations to the record and with pertinent portions of the trial record, particularly the trial transcripts. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (insufficient basis for appellate consideration where appellant "failed to support his claims of error with sufficient legal argument . . . and fail[ed] to cite to sufficient supporting authority"); Everett v. 357 Corp., 453 Mass. 585, 604 n.26 (2009).

We conclude that there is no reason to disturb the Housing Court judge's detailed and careful findings of fact and rulings of law. The plaintiff has put forward no argument or evidence that would lead us to conclude that "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff." Raunela v. Hertz Corp., 361 Mass.

3

341, 343 (1972), quoting <u>Kelly</u> v. <u>Railway Exp. Agency, Inc.</u>, 315 Mass. 301, 302 (1943).

<u>Judgment affirmed</u>.

By the Court (Meade, Hershfang & Toone, JJ.[2]),

Clerk

Entered:  October 24, 2024.

---

[2] The panelists are listed in order of seniority.

4